09-3100-ag
You v. Holder

BIA
A073 050 842

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of September, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge,*
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>                *Circuit Judges.*

───────────────────────────────────

BI JIAN YOU,
>        *Petitioner,*

>        v.

ERIC H. HOLDER, JR.,
>        *Respondent.*

───────────────────────────────────

09-3100-ag
NAC

FOR PETITIONER:      Tina Y. Howe, New York, New York


FOR RESPONDENT:      Tony West, Assistant Attorney
                     General, Civil Division; Michelle
                     Gordon Latour, Assistant Director;
                     Cindy S. Ferrier, Senior Litigation
                     Counsel, Office of Immigration
                     Litigation, Civil Division, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Bi Jian You, a native and citizen of the People's Republic of China, seeks review of a June 26, 2009, order of the BIA denying his motion to reopen. *In re Bi Jian You,* No. A073 050 842 (B.I.A. June 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of You's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien is limited to a single motion to reopen that is filed within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). This is You's third motion to reopen, filed more than eight years after the BIA's removal order. We find no abuse of discretion.

You's third motion sought reopening to apply for adjustment of status; however, eligibility for adjustment of status is not an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of Yauri*, 25 I.

& N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Accordingly, You was implicitly invoking the BIA's authority to reopen his proceedings *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali*, 448 F.3d at 518. Although we retain jurisdiction to review the BIA's finding that an alien is ineligible for adjustment of status, *see Mahmood*, 570 F.3d at 469; *Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008), there is no indication that the BIA misperceived the law in declining to reopen You's proceedings. To the contrary, the BIA denied You's time-and-number-barred motion because it found that a favorable exercise of its discretion was not warranted, rather than because it found You ineligible to adjust status. See *Ali*, 448 F.3d at 517.

Finally, we lack jurisdiction to consider You's due process challenge to the BIA's 2003 order, because he failed to file a petition for review of that order with this Court.

3

*See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995) (providing that a petition for review challenges only the order(s) from which it was timely filed).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4